**Robert J. MALONE and Esther N. Malone, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**NORWEST FINANCIAL CALIFORNIA, INC., a corporation; and Norwest Financial, Inc., a corporation, Defendants.**

**Robert J. Malone and Esther N. Malone, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**U.S. Bancorp, a corporation; and United States National Bank of Oregon, a corporation, Defendants.**

**Nos. CIV.S–99–692 LKK/JFM, CIV.S–99–693 LKK/PAN.**

United States District Court, E.D. California.

Feb. 3, 2000.

---

Joseph M. Barton, Gold, Bennett, Cera and Sidener, San Francisco, CA, for plaintiffs.

Richard W. Nichols, McDonough, Holland and Allen, Sacramento, CA, Craig A. Varga, Michael D. Hayes, Varga, Berger, Ledsky, Hayes and Casey, Chicago, IL, for defendants.

## ORDER

KARLTON, Chief Judge Emeritus.

Pending before the court is the defendants' motions to refer these suits to the bankruptcy court. I decide the matter on the papers and pleadings filed herein and after oral argument.

## I.

## PROCEDURAL HISTORY

On April 8, 1999, the plaintiffs, Chapter 7 bankruptcy petitioners, filed a putative class-action lawsuit. They seek, *inter alia*, disgorgement of profits and punitive damages premised on the alleged improper solicitation of reaffirmation agreements and collection of pre-petition debt, assertedly in violation of 11 U.S.C. § 524.[1] They also seek damages pursuant to 11 U.S.C. § 362.[2]

---

1. Plaintiffs assert separate causes of action under both 11 U.S.C. § 524(a)(2) and (c). Under 11 U.S.C. § 524(a)(2),
   (a) A discharge in a case under this title ... [¶] (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.] A reaffirmation agreement executed in the manner required by 11 U.S.C. § 524(c) is an exception to the injunction against collecting pre-petition debt. Plaintiffs allege that the defendants first violated § 524(c) by failing to follow its requirements and later violated § 524(a)(2) by subsequently attempting to collect on these unlawful reaffirmation agreements. For the purposes of this motion, I will consider the two allegations as forming one claim under § 524 because both of the claims made by the plaintiffs implicate the rule contained in each section of the statute.

2. 11 U.S.C. § 362(h) provides that, "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

Defendants have moved to refer the matter to the bankruptcy court pursuant to the automatic reference embodied in this court's General Order No. 182.[3] Plaintiffs reply that the court has cause not to enforce the reference because plaintiffs enjoy a right to a jury trial. After further briefing and oral argument, the matter stood submitted.

For the reasons explained below, I conclude that 11 U.S.C. § 524 provides plaintiffs with a private cause of action as well as a right to a jury trial. As I also explain, in light of the plaintiffs' right to a jury trial, as well as other considerations, referral of this matter to bankruptcy court is not appropriate.

## II.

### STANDARDS FOR WITHDRAWAL OF REFERENCE

Except as otherwise provided by Congress, the district court has original and exclusive jurisdiction over all cases arising under Title 11. *See* 28 U.S.C. § 1334(a)(1994).[4] Congress has empowered the district court to refer to bankruptcy judges any cases arising under that title as well as related proceedings. *See* 28 U.S.C. § 157(a)(1994). Under this authority, the Eastern District of California through a General Order adopted by the District Court, has referred all cases under Title 11 as well as related proceedings to the bankruptcy judges of the district. *See* General Order No. 182, *supra*, at n. 3.

3. General Order No. 182, § 1.01 provides that, "[t]his court hereby refers to the bankruptcy judges of this district all cases under Title 11, and all proceedings arising under Title 11 or arising in or related to cases under Title 11."

   The General Order is reprinted in *California Rules of Court Federal* 217–218 (West Group ed., 1999). Although it seems to me that this General Order should be converted to a Local Rule, my colleagues have deemed such action unnecessary.

4. No one suggests that Congress has provided a court other than the district court with jurisdiction over the matters at bar. If it had,

■ A district court may, and in certain circumstances must, withdraw cases referred to bankruptcy court pursuant to 28 U.S.C. § 157(a).[5] *See* 28 U.S.C. § 157(d). Those cases requiring material consideration of non-bankruptcy federal law must be withdrawn, *Security Farms v. Int'l Brotherhood of Teamsters*, 124 F.3d 999, 1008 (9th Cir.1997), and the district court, pursuant to § 157(d), may withdraw any case referred to the bankruptcy court for cause shown.

■ Whether cause exists is a multi-factored determination. Among the proper considerations are the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other similar issues. *Security Farms*, 124 F.3d at 1008 (citing *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir.1993)).

As noted above, plaintiffs contend that there is cause not to enforce the automatic referral to bankruptcy court because their claim under 11 U.S.C. § 524 entitles them to a jury trial. Section 524 of Title 11 does not explicitly provide a private right of action. Accordingly, before reaching the question of a right to a jury trial, I must consider whether plaintiffs have a cause of action under that section at all.

Below, I conclude that 11 U.S.C. § 105(a) explicitly provides plaintiffs with

this court would still enjoy original albeit not exclusive jurisdiction. *See* 28 U.S.C. § 1334(b)(1994).

5. 28 U.S.C. § 157(d) provides:

   (d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

a cause of action under 11 U.S.C. § 524. Alternatively, I conclude that if § 105 does not create such a cause of action, one should be implied under § 524 itself.

## III.

## PRIVATE CAUSE OF ACTION

The questions posed by the instant motion are both subtle and difficult. As a preface to resolving those questions, some consideration of the role of district courts and its sub-unit, the bankruptcy courts, in enforcement of Title 11 is necessary, and so I begin there.[6]

### A. SECTION 105

▪ Congress has endowed the courts with broad powers to enforce the provisions of the bankruptcy title. *See* 11 U.S.C. § 105(a)(1994).[7] Because the bankruptcy court is a court of equity, *See United States v. Energy Resources Co. Inc.*, 495 U.S. 545, 549, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990)(citing *Pepper v. Litton*, 308 U.S. 295, 303–304, 60 S.Ct. 238, 84 L.Ed. 281 (1939)), the relief it can provide under § 105 is limited to equitable orders.

▪ The power to "issue any order, process, or judgment that is necessary or appropriate" under 11 U.S.C. § 105(a) is not limited to bankruptcy courts but extends to Article III courts. The statute provides that "[t]he court may issue any order, process, or judgment...." 11 U.S.C. § 105(a). In turn, "[c]ourt or judge means the judicial officer before whom a case or proceeding is pending." Fed. R. Bankr.P. 9001(4)(internal quotation marks omitted). Unlike a bankruptcy judge, however, this court is not limited to equita-

ble remedies. *See* U.S. CONST. art. III, § 2, cl. 1 ("The Judicial Power shall extend to all Cases, in Law and Equity ...."); Fed.R.Civ.P. 2 ("There shall be one form of action to be known as civil action.")(internal quotation marks omitted). In sum, under § 105 this court can, in addition to equitable relief, enter a judgment providing legal remedies so long as that judgment is "necessary or appropriate." 11 U.S.C. § 105(a).

▪ Section 105, although it provides the courts with broad powers to grant relief, does not authorize relief inconsistent with more specific law. *American Hardwoods, Inc. v. Deutsche Credit Corp. (In re American Hardwoods, Inc.)*, 885 F.2d 621, 625 (9th Cir.1989) (citing *In re Golden Plan of California, Inc.*, 829 F.2d 705, 713 (9th Cir.1986)). Nor can the courts establish new substantive rights by virtue of § 105. *Ludlow Hospital Society, Inc. v. Secretary of Health and Human Services (In re Ludlow Hospital Society, Inc.)*, 124 F.3d 22, 27 (1st Cir.1997); *see, e.g., Continental Airlines Corp. v. Air Line Pilots Ass'n, Int'l. (In re Continental Airlines Corp.)*, 907 F.2d 1500, 1509–1510 (5th Cir.1990)(section 105(a) does not permit substantive modifications of labor agreement); *NWFX, Inc. v. Carl's Grocery Co. Inc. (In re NWFX, Inc.)*, 864 F.2d 593, 596 (8th Cir.1989)(reversing grant of equitable setoff by the bankruptcy court under § 105). Rather, a court can exercise the power granted by § 105(a) only to further existing substantive rights. *See Oxford Management, Inc. v. J. Louis Matherne & Associates (In the matter of Oxford Management Inc.)*, 4 F.3d 1329, 1333–1334 (5th Cir.1993) (quoting *United States v. Sutton,*

---

**6.** The statute creating bankruptcy courts provides:

> In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this ·chapter with respect to any action, suit, or proceeding

and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or order of the district court.

28 U.S.C. § 151 (1994).

**7.** Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

786 F.2d 1305, 1308 (5th Cir.1986)).[8] Thus, the question is whether the plaintiffs in this action have a substantive right to be free from unauthorized reaffirmation agreements and specified collection tactics.

■ The plain language of 11 U.S.C. § 524 creates a right in bankrupts not to be bound by contracts to repay debt if they do not conform to the requirements of § 524(c). Moreover, by its plain terms, § 524(a) creates a substantive right in petitioners to be free from a broad array of collection tactics. Given the substantive rights provided under § 524, it follows that § 105 provides the court with the power to issue "any judgment ... appropriate to carry out" the provisions of the substantive section.

■ It seems plain that no one should be permitted to retain funds obtained in violation of law. Accordingly, a creditor ought not be permitted to retain funds obtained in violation of § 524. It thus follows that a judgment of disgorgement is an appropriate order, and accordingly, a cause of action seeking such a judgment lies.[9]

From all the above, I conclude that § 105(a) provides an explicit cause of action under § 524. As I now explain, even if § 105(a) did not explicitly provide such a cause of action, 11 U.S.C. § 524 implies one.

**B. SECTION 524**

■ Determining whether a statute implies a private right of action involves ascertaining the intent of Congress. *California v. Sierra Club*, 451 U.S. 287, 292, 101 S.Ct. 1775, 68 L.Ed.2d 101 (1981); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568, 99 S.Ct. 2479, 61 L.Ed.2d 82

(1979). As with any such issue, the first task of a district court is to determine whether binding authority has addressed the issue. *Tello v. McMahon*, 677 F.Supp. 1436, 1441 (E.D.Cal.1988). Research reveals that neither the Supreme Court nor the Ninth Circuit has addressed whether § 524 implies a right of action. Moreover, resorting to persuasive authority does not prove helpful. The issue has been infrequently addressed by district courts with different results. *Compare Rogers v. NationsCredit Financial Services, Corp.*, 233 B.R. 98 (N.D.Cal.1999)(finding a private right of action under 11 U.S.C. § 524), *with Bessette v. Avco Financial Services, Inc.*, 240 B.R. 147 (D.R.I.1999)(no implied right), *and Costa v. Welch (In re Costa )*, 172 B.R. 954 (Bankr.E.D.Cal.1994)(no private right of action exists), *and Perovich v. Humphrey*, No. 97 C 3209, 1997 WL 674975 (N.D. Ill. Oct. 28, 1997)(dismissing claim under § 524(a)(2) without deciding whether there was an implied private right of action). Because of the lack of binding authority, I turn to an independent examination of the issue.

■ It is well established that a court may imply a private right of action under a federal statute not explicitly providing one. *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). While it is true that "[t]he failure of Congress expressly to consider a private remedy is not inevitably inconsistent with an intent on its part to make such a remedy available," *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 18, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979)(citing *Cannon v. University of Chicago*, 441 U.S. 677, 694, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979)), it is now also clear that "unless intent can

---

8. Whether the cramped reading given § 105 is inconsistent with the broad thrust of its language seems a serious question. The uniformity of past opinion, though not binding on this court, and the conclusions reached in this opinion, render a reappraisal of that issue unnecessary.

9. Even if it can be argued that, by virtue of the automatic injunction, a cause of action for disgorgement is not "necessary," it can hardly be argued that it is not "appropriate." Moreover, if plaintiffs allegations are true, they demonstrate that the injunction has not been effective, thus suggesting that the cause of action is also necessary.

be inferred from the language of the statute, the statutory structure or some other source, the essential predicate for implication of a private right of action simply does not exist." *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL–CIO,* 451 U.S. 77, 94, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981). Nonetheless, implication of a private right of action does not "require evidence that Members of Congress, in enacting the statute, actually had in mind the creation of a private right of action.... [because the] doctrine would be a dead letter were it limited to correcting drafting errors." *Thompson v. Thompson,* 484 U.S. 174, 179, 108 S.Ct. 513, 98 L.Ed.2d 512 (1988).

▪ Four factors must be evaluated in resolving questions of implied actions: (1) whether the cause of action is one typically left to state law so that it would be inappropriate to infer a cause of action based solely on federal law; (2) whether the statute creates a federal right in favor of the plaintiff; (3) whether there is any indication of legislative intent, implicit or explicit either to create such a remedy or deny one; and (4) whether it is consistent with the underlying purpose of the legislative scheme to imply such a remedy for the plaintiff. *Cort,* 422 U.S. at 78, 95 S.Ct. 2080. I now turn to application of the *Cort* factors to § 524.

▪ First, bankruptcy is, of course, a question of federal law. *See* U.S. CONST. art. I, § 8, cls. 1, 4 ("The Congress shall have the Power ... [t]o establish ... uniform Laws on the subject of Bankruptcies throughout the United States"). Thus, a private cause of action under § 524 is an appropriate exercise of federal power and does not constitute an infringement on an area traditionally relegated to state law.

Second, it seems clear that the plaintiffs are especial, and not mere incidental beneficiaries of § 524. The statute creates a federal right in favor of those in plaintiffs' position by protecting them from attempts to collect pre-petition debt and limiting the

circumstances for effectuating reaffirmation agreements, contracts that would otherwise be enforceable at law. *See* 11 U.S.C. § 524(a)(2) and (c)(1994).

Third, while the structure and history of 11 U.S.C. § 524 and related provisions do not directly indicate that Congress intended to create a private cause of action under § 524(c), a careful reading supports implication. Before addressing that issue, however, I begin by considering the major reason that two courts have concluded there is no private right of action, to wit: the contention that the existence of statutory remedies militates against implying additional relief. *See Bessette v. Avco Financial,* 240 B.R. at 155, and *In re Costa,* 172 B.R. at 966.

▪ It is, of course, established that courts should exercise restraint in implying additional remedies when Congress expressly provides one. *Transamerica Mortgage Advisors v. Lewis,* 444 U.S. at 19, 100 S.Ct. 242. The applicability of that rule to § 524, however, is quite uncertain.

Under 11 U.S.C. § 524(a), the discharge of debt in bankruptcy court operates as an injunction against collection by creditors. While the statute explicitly provides potential relief from improper debt collection, it provides no direct remedy, nor compensation, for its violation. Although the court may punish a violation of the injunction by way of contempt, such an order vindicates the power of the bankruptcy court, not plaintiffs' rights. Moreover, because the question in a contempt proceeding is vindication of the court's authority, the statute does not necessarily provide a remedy to those in plaintiffs' position. Thus, although Congress has provided a remedy to the bankruptcy court for violation of its orders, which may incidentally provide plaintiffs with relief, it is not at all clear that it has provided a remedy to plaintiffs within the meaning of the *Transamerica* rule.

▪ Because the rule against implying remedies additional to those provided by

Congress is not clearly applicable to 11 U.S.C. § 524, I turn to further consideration of the structure of the statute. In doing so, I conclude that the terms of the statute implicitly provide for an action to rescind.

Under § 524(c)(2)(A), in order to be enforceable, the debt reaffirmation agreement must,

> contain[ ] a clear and conspicuous statement which advises the debtor that the agreement may be rescinded at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim[.]

Because the statute provides for rescission, it follows that rescission is a defense to a suit to enforce. Moreover, nothing in the terms of the statute suggests that debtors are limited to defending on the basis of rescission rather than affirmatively seeking relief. To the contrary, as the Supreme Court has explained,

> [where] Congress declared ... that certain contracts were void ... the customary legal incidents of voidness would follow including the availability of a suit for rescission or for an injunction against continued operation of the contract and for restitution.

*Transamerica Mortgage Advisors,* 444 U.S. at 19, 100 S.Ct. 242. Thus, the statute provides, by implication, at least the remedies of rescission and restitution in addition to contempt. Once it is clear that the statute provides implied remedies, the issue becomes the extent of those implied remedies rather than their existence.

Defendants contend that the provision of a private cause of action in 11 U.S.C. § 362(h) supports the contention that Congress did not intend to create a remedy for a violation of § 524(c). *See In re Costa,* 172 B.R. 954. As I now explain, while that argument is not without weight, it is not conclusive and, in light of the history of the statute, is not persuasive.

First, I note that § 362(h) was enacted in 1984, six years after the enactment of § 524(c). *See* Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, 92 Stat. 2549 (1978)(codifying 11 U.S.C. § 524); Bankruptcy Amendments of 1984, Pub.L. No. 98–353, 98 Stat. 333 (1984)(codifying 11 U.S.C. § 362(h)). The sequence invokes the well-known rule that the "the views of a subsequent Congress form a hazardous basis for inferring the intent of an earlier one." *United States v. Price,* 361 U.S. 304, 313, 80 S.Ct. 326, 4 L.Ed.2d 334 (1960).

Nor is the fact that Congress modified § 524 in the same session it added a private right of action under § 362 enlightening. It may be that Congress perceived that § 524 already contained remedies by implication and thus further action was unnecessary, or perhaps that was not the reason. The lack of conclusive evidence bearing on Congress' failure to address remedies for a violation of § 524 when it provided remedies in § 362 demonstrates the wisdom of the canon which holds congressional inaction is an insufficient reed upon which to resolve legislative intent. *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N. A.,* 511 U.S. 164, 185, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994). In light of the above, it is appropriate to resort to the legislative history in order to seek guidance on the question of construction. *See Catholic Social Services Inc. v. Meese,* 685 F. Supp. 1149, 1152 (E.D.Cal.1988)

While the legislative history does not reflect any explicit consideration of a private remedy, this is hardly surprising. As the Supreme Court has noted, "the legislative history of a statute that does not expressly create or deny a private remedy will typically be equally silent or ambiguous on the question." *Cannon v. University of Chicago,* 441 U.S. at 694, 99 S.Ct. 1946. It is the circumstances of the statute's enactment and the evil it was designed to remedy which help resolve the issue of implication. Examining the legis-

lative material with these issues in mind, I conclude that the history surrounding the adoption of 11 U.S.C. § 524 reveals a Congressional intent to create a private right of action under § 524.

It seems relatively clear that the congressional intent in adopting § 524 was to provide debtors with broad protection from improper reaffirmation agreements. The enacting Congress recognized that there was a vast disparity in power between debtors and creditors and that some creditors abused this power. According to the House Report, § 524 was enacted to "prevent[ ] creditor experience in handling bankrupt debtors from overwhelming inexperienced debtors that are in a severely disadvantaged bargaining position after bankruptcy." H.R.Rep. No. 95–598, at 3 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 5965. The Committee observed that the "unequal bargaining position of debtors and creditors" was a significant factor in contributing to debtor reaffirmation of financial obligations discharged in bankruptcy. *Id.* Moreover, the House was concerned that some unscrupulous creditors abused the disparity in power and coerced debtors to reaffirm financial obligations through "threat[s] to damage the debtor's personal or credit reputation by letters to an employer, phone calls to friends, and so on." *Id.*

Congress considered the reaffirmation of debt to undermine the ameliorative effects of bankruptcy. The history notes that when "unsuspecting debtors are led into binding reaffirmations ... the beneficial effects of bankruptcy discharge are undone." *Id.* According to the report, "[t]o the extent that reaffirmations are enforceable, the fresh start goal of bankruptcy laws is impaired." *Id.* Congress believed that the reforms embodied in § 524 were "a significant factor in making

bankruptcy relief an effective remedy[ ] ... [and] [e]nsur[ing] that a debtor will not come out of bankruptcy in the same situation as when he went in." *Id.* at 164.

The legislative history makes clear that Congress intended to provide broad protection to debtors whose rights under § 524 were violated. A private cause of action is the most effective means of achieving that goal, and is consistent with the broad powers accorded the courts to carry out the provisions of the Bankruptcy Act embodied in § 105.

From all the above, I conclude that a private right of action should be implied to remedy violations of § 524. The next question is the nature and extent of that private cause of action.

▪ Plaintiff seeks rescission, restitution and punitive damages.[10] Each of those remedies appears applicable. The Supreme Court has taught "where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done." *Bell v. Hood,* 327 U.S. 678, 684, 66 S.Ct. 773, 90 L.Ed. 939 (1946). Because § 105 provides for all appropriate judgments, and there appears no reason to limit the implied right under § 524, I conclude that plaintiffs may seek "any available remedy." I now turn to the question of whether the cause of action carries a right to a jury trial.

## IV.

## RIGHT TO JURY TRIAL

▪ The question tendered is whether the particular relief that plaintiffs seek in connection with their claim of a violation of § 524 entitles them to a trial by jury.[11]

10. It does not appear that plaintiff seeks "general compensatory damages" i.e., damages for emotional distress.

11. The parties have not raised the issue of a right to trial by jury as to the claim under 11 U.S.C. § 362(h) and thus the court does not

reach that issue. *See Gordon v. Friedman's Inc. (In re Gordon* ), 209 B.R. 414 (Bankr. N.D.Miss.1997)(no right to jury trial for violations of 11 U.S.C. § 362(h)); *Periera v. Chapman,* 92 B.R. 903, 904 (C.D.Cal. 1988)(same)(in dictum).

Two questions resolve the issue of whether a particular claim entails a right to trial by jury: first, whether the action or its analog was historically tried to juries at the time the Seventh Amendment was adopted in 1791, and then, whether the relief sought is legal or equitable in nature. *Tull v. United States*, 481 U.S. 412, 417–418, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987). The latter determination is the most important part of the analysis. *Wooddell, Jr. v. International Broth. of Elec. Workers, Local 71*, 502 U.S. 93, 97, 112 S.Ct. 494, 116 L.Ed.2d 419 (1991).

Plaintiffs contend that their claim under § 524 is analogous to a claim in assumpsit for money had and received, an 18th Century action at law. I agree. *See Lipman, Wolfe & Co. v. Phoenix Assur Co.*, 258 F. 544, 546 (9th Cir.1919)(noting that money had and received is a form of action comprehensive in its reach and scope, and though the form of proceeding is in law it is equitable in spirit and purpose).

■ Finding an 18th Century analog to the current action, however, is only the first leg of the inquiry. I must also determine whether the relief sought is equitable or legal in nature. In their pleading, plaintiffs seek an injunction, the imposition of a constructive trust, and an accounting. While plaintiffs' demand for the return of money paid to the defendants can be characterized as money had and received, the relief they seek is clearly rescission and restitution which are, of course, traditional equitable remedies. *See Simpson v. Office of Thrift Supervision*, 29 F.3d 1418, 1423–1424 (9th Cir.1994), *cert. denied*, 513 U.S. 1148, 115 S.Ct. 1096, 130 L.Ed.2d 1064 (1995). Thus it appears that a jury trial is not available as to those claims. The plaintiffs, however, also seek punitive damages. As I now explain, this claim for relief sounds in law and entitles them to a jury trial.

■ It is established that suits for money damages, including punitive damages, are legal in nature entailing the right to a jury trial, and that this right cannot be abridged even if the damages are considered incidental to the equitable claims. *Curtis v. Loether*, 415 U.S. 189, 196 n. 11, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974)(citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); and *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 470–473, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962)). Because plaintiffs' suit seeks punitive damages for the alleged violation of their rights under § 524, they seek a remedy legal in character and thus are entitled to a jury trial as to that claim.

■ Defendants' argument that plaintiffs are not entitled to a jury trial because any rights secured by 11 U.S.C. § 524(a)(2) and (c) are "public rights" is unavailing. "Congress may fashion causes of action that are closely analogous to common-law claims and place them beyond the ambit of the Seventh Amendment by assigning their resolution to a forum in which jury trials are unavailable." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 52, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) (citations omitted). However, Congress may do so only where the rights involved are "public rights" such as a "statutory cause of action inher[ing] in, or l[ying] against the Federal Government in its sovereign capacity." *Granfinanciera*, 492 U.S. at 53, 109 S.Ct. 2782 (citing *Atlas Roofing Co. v. Occupational Safety and Health Review Comm'n*, 430 U.S. 442, 458, 97 S.Ct. 1261, 51 L.Ed.2d 464 (1977)). Clearly this does not apply to the instant case. A right is also "public," however, where "Congress, acting for a valid legislative purpose pursuant to its constitutional powers under Article I, [has] create[d] a seemingly 'private' right that is so closely integrated into a public regulatory scheme as to be a matter appropriate for agency resolution with limited involvement by the Article III judiciary." *Granfinanciera*, 492 U.S. at 54, 109 S.Ct. 2782 (quoting

*Thomas v. Union Carbide Agricultural Products Co.,* 473 U.S. 568, 593–594, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985))(internal quotation marks omitted). While a plurality of the Court has suggested "that the restructuring of debtor-creditor relations in bankruptcy may well be a public right[,]" *Granfinanciera,* 492 U.S. at 55–56, 109 S.Ct. 2782 (quoting *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 71, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982)), no majority has been achieved for that proposition. *Id.* at 55, 102 S.Ct. 2858. Moreover, the structure of the Bankruptcy Act militates against such a construction. As noted above, the bankruptcy court is a unit of the district court, subject to its supervision, and accordingly, bankruptcy litigation inherently involves Article III judges. Moreover, although this Circuit has created a Bankruptcy Appellate Panel, either party to appeal may insist on a hearing before the district court, 28 U.S.C. § 158(b)(1)(1994), and, in any event, appeals from the Bankruptcy Appellate Panel lie in the Ninth Circuit.

It also appears to this court that the nature of the allegations here suggest the complaint implicates private rather than public rights. The Supreme Court has observed that "fraudulent conveyance actions by bankruptcy trustees constitute no part of the proceedings in bankruptcy but concern controversies arising out of it." *Granfinanciera,* 492 U.S. at 56, 109 S.Ct. 2782 (quoting *Schoenthal v. Irving Trust Co.,* 287 U.S. 92, 94–95, 53 S.Ct. 50, 77 L.Ed. 185 (1932))(internal quotation marks omitted). Likewise, reaffirmation agreements, although regulated by the bankruptcy law, address a collateral issue, namely whether the debtor has created a new debt outside the regime that is imposed on creditors once a petition in bankruptcy is filed. In that sense reaffirmation agreements, like fraudulent conveyances by a trustee, are controversies outside the bankruptcy process, whose purpose is to discharge the debts of the bankrupt, although clearly they both arise out of it. It

thus appears to the court that allegations of a violation of § 524, like a fraudulent conveyance action, do not implicate the "public rights" doctrine.

## V.

## WITHDRAWAL FROM BANKRUPTCY COURT

■ This suit challenges the debt-collection practices of the defendants, exclusively under the provisions of Title 11. Thus, except as its implicates the law governing class actions, it does not require material consideration of non-bankruptcy federal law. Although, under such circumstances, the court is not required to withdraw the matter from the bankruptcy court, *see* 28 U.S.C. § 157(d); *Security Farms,* 124 F.3d at 1008, the court, nonetheless, finds cause for withdrawal.

First, withdrawal of the reference conserves judicial resources. This court has now decided an issue central to the resolution of this case. The court's familiarity with the case makes it the most efficient forum. Moreover, given the diversity of opinion on the matter of a private right of action, there appears to be no uniform bankruptcy practice to be disrupted. Perhaps more pertinent, given the contrary opinion expressed in *In re Costa,* 172 B.R. 954, any practice adopted by the local bankruptcy court which excludes a private right of action appears contrary to the law.

Another justification is that plaintiffs propose the suit proceed as a class action. Although bankruptcy courts are empowered to oversee class actions, there is little reason to assume that they regularly do so. On the other hand, the district court has long experience in the management of this complex class of litigation.

Finally, as noted above, one issue must be tried to a jury and a bankruptcy court is empowered to conduct jury trials only with the express consent of the parties.

*See* 28 U.S.C. § 157(e)(1994).[12] The plaintiffs, by opposing reference, have manifested there preference for trial in the district court. For all the above reasons, the court will withdraw the reference to the Bankruptcy Court.

## VI.

## CONCLUSION

Accordingly, it is ORDERED that the above-captioned matters are WITHDRAWN from the automatic referral to bankruptcy court.

IT IS SO ORDERED.

---

**12.** 28 U.S.C. § 157(e) provides that,

If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.