**In re Thomas & Velvet McDONALD, Debtors.**

**Thomas E. McDonald and Velvet L. McDonald, Plaintiffs,**

**v.**

**Norwest Financial, Inc. and Norwest Financial Massachusetts, Inc., Defendants.**

**Bankruptcy No. 96–46714–JBR. Adversary No. 99–4268–JBR.**

United States Bankruptcy Court, D. Massachusetts.

July 23, 2001.

4

Christopher M. Lefebvre, Law Offices of Claude Lefebvre, Pawtucket, RI, Keith A. Mitchell, Boudreau, Mitchell & Davis, Andover, MA, for debtors.

Jeffrey W. Shub, Slater & Shub, Salem, MA, Brian J. Spero, Partridge, Snow & Hahn, Providence, RI, for creditors.

*MEMORANDUM DECISION AND OR-
DER ON DEFENDANTS' MOTION
TO DISMISS PLAINTIFFS' COM-
PLAINT*

JOEL B. ROSENTHAL, Bankruptcy
Judge.

This matter comes before the Court on the motion of Norwest Financial, Inc. and Norwest Financial Massachusetts, Inc. ("the Defendants") to dismiss the Debtor Plaintiffs' complaint ("the Motion"). The Debtors' complaint ("the Complaint"), styled as a class action suit, alleges that the Defendants violated the automatic stay imposed by § 362(a) of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* ("the Code"), and also that the Defendants violated § 524 of the Code.[1] At a hearing on this matter, the parties agreed this Court's decision on one count was controlled by the First Circuit Court of Appeals' decision in *Bessette v. Avco Fin. Serv., Inc.*, 230 F.3d 439 (1st Cir.2000), which was then pending before the United States Supreme Court on a certiorari request. The parties agreed to await the Supreme Court's determination before proceeding. After the Supreme Court declined to review *Bessette*, this Court heard the parties on the Motion and took additional briefing. After consideration of counsels' written and oral arguments, the Court hereby grants the Motion as to Count I and denies the Motion as to Counts II and III.

## I. *Background*

The Debtors, through counsel, filed a voluntary Chapter 7 petition on November 27, 1996. The Debtors' petition scheduled the Defendants as creditors in the Debtors' case. An interim trustee was appointed who conducted and concluded the § 341 creditors' meeting. On January 17, 1997, the trustee filed a report of no distribution. On March 11, 1997, this Court entered an Order discharging the Debtors, and the Court closed the Debtors' case on March 21, 1997. Prior to the Debtors' discharge, only one reaffirmation agreement was filed by a creditor not involved in this litigation.

In September 1999, the Debtors moved through new counsel to reopen their case. The Court allowed that motion, and the Debtors subsequently filed the Complaint seeking damages for themselves and others in a presently uncertified class of persons. In Counts I and II of the Complaint, the Debtors allege the Defendants violated subsections (c) and (a) of § 524 respectively. The Complaint states that the Defendants violated § 524(a) by executing a reaffirmation agreement with the Debtors prior to discharge in connection with a pre-petition debt of $500.00 that the Defendants did not file with the Court. The Debtors allege the Defendants violated subsection (c) of that same section by attempting to collect a pre-petition debt not properly reaffirmed under § 524(c). Count III alleges the Defendants violated the automatic stay provisions of § 362(a) by making certain misrepresentations to the Debtors and other debtors about their bankruptcy rights during reaffirmation solicitations.

The Defendants were served with a summons and the Complaint, but in lieu of an answer the Defendants filed the Motion. In the Motion, the Defendants seek to dismiss the Complaint pursuant to Federal Bankruptcy Rule 7012(b) and Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim for relief. Specifically, the Motion states that: (1)

---

1. The Complaint originally contained four counts: Counts I and II sought recovery for violations of § 524 of the Code, Count III sought recovery for violations of § 362(a) of the Code, and Count IV set forth state law claims for relief in equity. The Debtors have since abandoned Count IV.

there is no express or implied private right of action for violations of § 524 of the Code, and; (2) that the Debtors have not plead sufficient facts to support granting relief for a § 362(a) violation. The Debtors opposed the Motion, and it is this interlocutory ruling the Court now decides.

## II. Applicable Legal Standard Under Federal Bankruptcy Rule 7012(b)

On consideration of a defendant's motion to dismiss a plaintiff's complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, applicable in these proceedings pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, the Court accepts as true the well pleaded factual allegations of the plaintiff's complaint. Fed.R.Bankr.P. 7012(b); Fed.R.Civ.P. 12(b)(6); *TAG/ICIB Serv., Inc. v. Pan Am. Grain Co., Inc.,* 215 F.3d 172, 175 (1st Cir.2000). Any such motion must fail when the plaintiff's complaint "sets forth facts sufficient to justify recovery on *any* cognizable theory." *Id.* (emphasis added); *see also Bessette v. Avco Fin. Serv., Inc.,* 230 F.3d 439, 443. Furthermore, it is not fatal to a complaint that the plaintiff has either mis-characterized her legal theories, or imprecisely invoked the court's subject matter jurisdiction. *See Bessette,* 230 F.3d at 446. The issue before the Court, therefore, is whether the Complaint, assuming all the allegations contained therein are true, is sufficient to survive the Motion insofar as it alleges facts justifying the Debtors' recovery for each of their counts on any cognizable theory, either at law or at equity. The Court addresses in turn each of the Debtors' counts challenged by the Motion.

### A. Count I—Violation of § 524(c).

Applying the standard set forth above, the Court finds that Count I must be dismissed for failing to state a claim on which the Court can grant relief. Quite simply, taking all the Plaintiffs' allegations as true, there is but one reason for this conclusion: Subsection (c) of § 524 is not a statutory provision that either confers rights or imposes duties that this Court can enforce. On the contrary, § 524(c) sets forth nothing more than a list of conditions precedent to the enforcement of a purported reaffirmation agreement the consideration for which is based at least in part on a pre-petition debt. 11 U.S.C. § 524(c). For example, § 524(c)(1) requires that the agreement be executed before the Court discharges the debtor. 11 U.S.C. § 524(c)(1). Section 524(c) also requires that those agreements contain certain informative statements, and that those statements be conspicuous. 11 U.S.C. § 524(c)(2). The subsection also mandates that the agreement be filed with the Court to be enforceable. 11 U.S.C. § 524(c)(3). Section 524(c) also states that the agreement will not be enforceable if the debtor exercises Code granted rescission rights before the later of sixty days after the parties execute the agreement, or the Court orders the debtor discharged. 11 U.S.C. § 524(c)(4). In addition to the above requirements, § 524(c) imposes other requirements, not applicable in this instance, before an agreement to reaffirm a pre-petition debt may be enforced by either party to that agreement. 11 U.S.C. § 524(c). Given the clear content of § 524(c), the Court finds there are no duties imposed on any party in this matter to enforce, and similarly that there are no rights created for any party to invoke.[2]

---

2. This conclusion is further supported by the fact that reaffirmation of a pre-petition debt is a wholly voluntary transaction, one which neither the creditor nor the debtor can compel the other to enter into. *See Katahdin Fed.*

*Credit Union v. Jamo (In re Jamo),* 262 B.R. 159, 164 (1st Cir. BAP 2001). It would be incongruent for the Court to find that a statute stating only legal conditions precedent to the enforcement of a purely voluntary trans-

Having so found, the Court hereby grants the Motion with respect to Count I of the Complaint.

## B. Count II—Violation of the § 524(a)(2) Discharge Injunction.

■ Prior to *Bessette*, this Court would have been free to follow one of two schools of thought on the availability of a remedy for § 524(a)(2) violations.[3] Under what one appellate panel characterized as a minority view, *Bassett v. Am. Gen. Fin., Inc. (In re Bassett)*, 255 B.R. 747, 754 (9th Cir. BAP 2000), some courts have held there is an independent implied private right of action[4] for a party's violation of § 524(a), notwithstanding an absence of express language in § 524(a) creating such a right. *See Molloy v. Primus Auto. Fin. Serv.*, 247 B.R. 804, 819–20 (C.D.Cal.2000); *Malone v. Norwest Fin., Cal., Inc.*, 245 B.R. 389, 398 (E.D.Cal.2000); *Rogers v. NationsCredit Fin. Serv. Corp.*, 233 B.R. 98, 108–09 (N.D.Cal.1999). It has also been held, however, that any private right of action under § 524(a) is dependent on a court's power under § 105(a) to issue orders "necessary and appropriate to carry out the provisions of [the Code]," 11 U.S.C. § 105(a); *Malone*, 245 B.R. at 396 (alternatively holding § 105(a) in combination with § 524(a) expressly creates private right of action). Regardless of whether

these courts looked solely to § 524(a) for authority, or coupled that statute with § 105(a), these courts ultimately held the debtor had a private right of action to recover damages for § 524(a) violations.

Under the majority approach, though, courts remedy § 524(a) violations via their contempt power, be that power inherent or that conferred by § 105(a). *See Hardy v. United States (In re Hardy)*, 97 F.3d 1384, 1389–90 (11th Cir.1996); *Bassett*, 255 B.R. at 754–55; *Walls v. Wells Fargo*, 255 B.R. 38, 44–45 (E.D.Cal.2000); *In re Elias*, 98 B.R. 332, 337 (N.D.Ill.1989); *Cherry v. Arendall (In re Cherry)*, 247 B.R. 176, 186–87 (Bankr.E.D.Va.2000); *In re Arnold*, 206 B.R. 560, 567–68 (Bankr.N.D.Ala.1997); *Matthews v. United States (In re Matthews)*, 184 B.R. 594, 598 (Bankr.S.D.Ala. 1995); *In re Bowling*, 116 B.R. 659, 664–65 (Bankr.S.D.Ind.1990). Courts adopting the majority approach either rejected the notion that § 524(a) implies a private right of action under the Supreme Court's test in *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), *see e.g., Bassett*, 255 B.R. at 754; *but see Molloy*, 247 B.R. at 816–20; *Malone*, 245 B.R. at 395–98, or those courts simply noted that a contempt order is the traditional remedy for injunction violations, *see e.g., Walls*, 255 B.R. at 44 (citing Lawrence P. King, *et al.*, 4 *Collier on Bankruptcy*, ¶ 524.02[2][c]

---

action could also enable either party to compel the other to engage in that transaction. The only result of non-compliance with the conditions set forth in § 524(c) this Court sees is that the parties are left with an unenforceable reaffirmation agreement. This is not to say, though, that a creditor's post-petition collection of a pre-petition debt under the color of an unenforceable reaffirmation is not violative of some other Code provision.

**3.** Section 524 of the Bankruptcy Code provides, in pertinent part, that:

(a) A discharge in a case under this title—

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

11 U.S.C. § 524(a)(2).

**4.** The phrase "right of action" is a legal phrase of art defined by *Black's Law Dictionary* as "[t]he right to bring a specific case to court. A right that can be enforced by legal action." *Black's Law Dictionary* 1324 (7th ed.1999).

(15th ed.1999)). Courts adopting the majority approach awarded monetary relief, if at all, in the form of sanctions pursuant to their contempt power, rather than damages awarded at law.

The First Circuit Court of Appeals, though, has conclusively addressed the issue of relief for § 524(a) violations in this circuit in the *Bessette* decision. *Bessette*, 230 F.3d 439. Despite their agreement that *Bessette* is the controlling authority on this issue, the parties vigorously disagree as to the import of that decision on the Debtors' § 524(a)(2) count. The Defendants contend that *Bessette* rejects the proposition that a private right of action exists under § 524, and that the only remedy available for violations of the discharge injunction are those the Court can award under its contempt power. The Plaintiffs respond that the *Bessette* Court blessed the proposition that § 524(a) coupled with § 105(a) expressly provides for a private right of action. Since the parties urge diametrical interpretations of *Bessette*, the Court finds necessary an analysis of that decision.

· Based on its own analysis of *Bessette*, the Court concludes that the First Circuit has adopted the majority approach that courts sitting in bankruptcy may remedy § 524(a)(2) violations pursuant to their authority under § 105(a) to issue contempt orders. This conclusion is warranted for three reasons, all of which become clear on a careful reading of *Bessette* and its underlying authority. First, after concluding the language of § 524(a) made no express grant of a remedy, the *Bessette* Court declined "to jump into the fray with the complex analysis required by *Cort v. Ash*" when it found a readily available statutory remedy in § 105(a). *Bessette*, 230 F.3d at 444. The court's refrain from the *Cort* analysis is tantamount to a rejection of the proposition accepted by other courts that

§ 524(a) independently implies a private right of action. *See Molloy*, 247 B.R. at 816–20; *Malone*, 245 B.R. at 395–98. It is a fair reading of *Bessette*, therefore, that the First Circuit concluded § 524(a) does not independently imply a private right of action at law for § 524(a)(2) violations.

Second, the *Bessette* Court noted, in evaluating whether the combination of §§ 524(a) and 105(a) created a private right of action for § 524(a)(2) violations, that its own decisions on the scope of § 105(a) consistently concluded that courts sitting in bankruptcy could not invoke § 105(a) to create substantive rights not otherwise granted in the Code. *Bessette*, 230 F.3d at 444–45 (citing *Noonan v. Sec'y of Health & Human Serv. (In re Ludlow Hosp. Soc'y, Inc.)*, 124 F.3d 22, 27 (1st Cir.1997); *SPM Mfg. Corp. v. Stern (In re SPM Mfg. Corp.)*, 984 F.2d 1305, 1311 (1st Cir.1993); *In re G.S.F. Corp.*, 938 F.2d 1467, 1475 (1st Cir.1991)). While the court noted it could employ § 105(a) to effectuate other Code provisions and safeguard Code granted rights, the *Bessette* Court appears to have also implicitly rejected the conclusion that courts may invoke § 105(a) to create a private right of action under § 524(a) not otherwise set forth in that statute. *See* 11 U.S.C. § 524; *cf.* 11 U.S.C. § 362(h). Having rejected this last possible theory of Code authorization for recovery of damages at law, the *Bessette* Court effectively concluded § 524(a) does not authorize damages recovery at law, and that the only recovery could be by way of sanctions.

Lastly, and further supporting the conclusion the First Circuit rejected legal remedies for § 524(a)(2) violations, is the *Bessette* Court's discussion on a bankruptcy court's authority under § 105(a) to order sanctions for § 524(a)(2) violations. *Bessette*, 230 F.3d at 445. Recognizing that in addition to the inherent authority

of bankruptcy courts to issue contempt orders in enforcement of their orders, the *Bessette* Court pointed out that those same courts are authorized to issue contempt orders under § 105(a), including the imposition of sanctions for such contempt. *Id.* Finding enforcement of the § 524(a)(2) injunction an appropriate use of a court's sanction power, the *Bessette* Court approvingly cited courts following the majority approach granting monetary remedies to aggrieved debtors in the form of sanction awards.[5] *Id.* This Court resolves, therefore, that the First Circuit's *Bessette* decision mandates that the proper remedy for violations of § 524(a) is sanctions ordered pursuant to this Court's contempt power authorized by § 105(a) of the Code.

■ The First Circuit having decided a remedy exists for § 524(a)(2) violations, and consequently that there is some cognizable theory on which the Debtors may recover, the Court turns now to the Complaint to determine if the Debtors set forth sufficient allegations to justify recovery of sanctions for contempt for the Defendants' violation of the discharge injunction. *See TAG/ICIB Serv.*, 215 F.3d at 175. In order to make a out a *prima facie* claim for sanctions for the Defendants' contempt of the discharge order, the Debtors must plead: (1) that the Defendants knew a discharge order had entered, and; (2) that the Defendants intentionally engaged in conduct that violated the discharge order. *See Cherry*, 247 B.R. at 187–88. The De-

fendants' state of mind or intent to violate the discharge order is not a consideration in the analysis for civil contempt. *Id.* The Complaint is legally sufficient when measured against this standard. In the Complaint, the Debtors aver that they filed for bankruptcy under Chapter 7, and that they scheduled the Defendants as creditors. The Complaint also alleges the Court ordered the Debtors discharged pursuant to §§ 727 and 524(a), and that the Defendants continued to collect a pre-petition debt despite the discharge order and the absence of a legally enforceable reaffirmation agreement. As such, the Complaint sets forth sufficient facts for the Plaintiffs to recover sanctions for the Defendants' alleged § 524(a)(2) violation. The Motion is therefore denied with respect to Count II of the Complaint.

### C. Count III—Violation of the § 362(a) Automatic Stay.

■ The Defendants challenge to Count III of the Complaint similarly fails as the Complaint is sufficient in its allegations to support a claim for relief for a violation of the automatic stay. In addition to the possible legal damages afforded debtors by § 362(h), 11 U.S.C. § 362(h), an award of sanctions is also not extraordinary for violations of the automatic stay. *See In re Smith Corset Shops, Inc.*, 696 F.2d 971, 977 n. 7 (1st Cir.1982). Assuming the Debtors seek sanctions, the Court con-

---

5. Notwithstanding the numerous cases cited in support of the *Bessette* Court's conclusion that contempt is the proper remedy for § 524(a)(2) violations, following its final statement of the court's holding that court also directly referred to *Malone v. Norwest Fin., Cal., Inc., Bessette*, 230 F.3d at 445, a United States District Court decision that held that § 524(a) in combination with § 105(a) creates a private right of action, *Malone*, 245 B.R. at 395, and, alternatively, that § 524(a) independently implies a private right of action under the *Cort* analysis, *Malone*, 245 B.R. at 398. While an argument could be advanced that the *Bessette* Court approved the minority approach followed by the *Malone* court, such a reading requires that the court's conclusion be extracted from a single, isolated citation in deliberate ignorance of the remainder of the court's opinion. Given the manifest tension this citation creates, this Court concludes the reference to *Malone* was unintended and, as such, disregards it.

cludes the Debtors properly plead a cause for relief insomuch as the Complaint sets forth that the Debtors filed their petition, and that subsequent to the petition date, but before the case was closed, the Defendants contacted the Debtors to inform them the Defendants would repossess their furniture if the pre-petition debt of $500.00 were not paid. Taking this allegation as true, as the Court must, *see Bessette*, 230 F.3d at 443, this in and of itself would be an intentional act in violation of § 362(a)(6) at a time when the Defendants were aware the Debtors were protected by the automatic stay. *See Katahdin Fed. Credit Union v. Jamo (In re Jamo)*, 262 B.R. 159, 165 (1st Cir. BAP 2001); *Cherry*, 247 B.R. at 188. As such, the Court denies the Motion as to Count III of the Complaint.

### III. A Procedural Matter

■ As the parties have raised the issue, the Court feels it appropriate to resolve at this time the matter of whether the Debtors' action is one properly before the Court in the posture of an adversary proceeding, *see* Fed.R.Bankr.P. 7001, or rather, as the Defendants contend, as a contested matter brought by motion, *see* Fed.R.Bankr.P. 9014. Resolution determines what procedural devices will be available to the parties during the course of the impending litigation. *See* Fed. R.Bankr.P. 9014. The Court is comfortable that the broad language of Rule 7001(1) of the Federal Rules of Bankruptcy Procedure permits the Debtors to bring the litigation to recover money from the Defendants as an adversary proceeding. Fed.R.Bankr.P. 7001(1). Even if the Court errs on this point, the Court would also be within its discretion to order that all of Part VII of the Federal Bankruptcy Rules will apply in this matter. Fed. R.Bankr.P. 9014. As such, the Court directs that the matter will continue as an adversary proceeding with all the attendant Rules of Part VII of the Bankruptcy Rules made applicable.

### IV. Conclusion

For the reasons set forth herein, the Court hereby GRANTS the Defendants' Motion to Dismiss as to Count I of the Debtor Plaintiffs' Complaint only. The Court hereby DENIES the Defendants' Motion to Dismiss as to Counts II and III of the Debtor Plaintiffs' Complaint. An order scheduling hearing on the Plaintiffs' Motion for Class Certification to issue forthwith by separate Order.

SO ORDERED.