Patricia SPELEOS, Appellant,

v.

Kevin McCARTHY, Appellee.

Civil Action No. 95–2058 (JR).

United States District Court,
District of Columbia.

July 19, 1996.

D. Olandan Davenport, Davenport & Associates, Washington, DC, for Appellant.

Filippo Zucchi, Lepon, McCarthy, White & Holzworth, Washington, DC, for Appellee.

## *MEMORANDUM*

ROBERTSON, District Judge.

Patricia Speleos filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 *et seq.*, in the United States Bankruptcy Court for the District of Columbia on July 6, 1988.[1] Pursuant to 11 U.S.C. § 1104(a), the bankruptcy court appointed a trustee, appellee Kevin McCarthy, to manage the affairs of the bankrupt estate in November 1988. After implementing a plan of reorganization—a process that was prolonged and made more complicated by Speleos' repeated challenges to the decisions of the trustee and orders of the bankruptcy court—the trustee filed a final report and accounting and a motion for final decree on August 10, 1995. The report was accepted and the motion for final decree granted by the bankruptcy court on September 15, 1995, closing the case. Speleos' motion to reconsider and modify the final order was denied. Speleos now appeals provisions of the bankruptcy court's final order that (1) limit the trustee's obligations to provide her with certain records and information relating to her bankruptcy and (2) require Speleos to seek leave of the bankruptcy court before filing suit against the trustee or his agents.

For the reasons set forth below, the first of those provisions will be affirmed. The second must be vacated.

### Standard of Review

 The district court reviews final orders of the bankruptcy court pursuant to 28 U.S.C. § 158(a)(1). The bankruptcy court's conclusions of law are reviewed *de novo*. *ALCOM America Corp. v. Arab Banking*

*Corp.*, 48 F.3d 539, 539 (D.C.Cir.1995) (per curiam). Its findings of fact are reversible only if clearly erroneous. Bank.R. 8013. *See* 1 Collier on Bankruptcy ¶ 3.03[7] (Lawrence P. King et al. eds., 15th ed. 1994). Bankruptcy court decisions involving the exercise of discretion are reviewed for abuse of discretion. *See In re Sharon Steel Corp.*, 871 F.2d 1217 (3rd Cir.1989).

### 1. The Order Limiting the Trustee's Obligation to Provide Records

By the time Speleos filed for bankruptcy, she had lost twenty-five properties in tax sales by the District of Columbia. Over the course of several years, the trustee was able to reverse most of the tax sales through redemption or settlement, selling some properties to raise cash for the estate. During this period the trustee was also responsible for managing the income-producing properties of the estate. One of his problems was to ensure that the properties were brought into compliance with District of Columbia housing codes.

Throughout the bankruptcy proceeding, the trustee served Speleos with copies of documents filed with the bankruptcy court. These materials included cash journals, detailed accountings of expenditures, copies of bank statements, cancelled checks, property manager's reports, settlement sheets and tax documents. Speleos was not satisfied and moved for fuller access to records. On April 19, 1991, the bankruptcy court required the trustee to "permit [Speleos] to examine at his office at a mutually convenient date and time records relating to District of Columbia tax bills, settlement sheets on sales of properties, and the trustee's records of account concerning funds received in this case." The trustee thereafter arranged for Speleos to examine documents in his office, including original bills that underlay the cash journals. Speleos' visits to the trustee's office proved loud and disruptive, however. At the request of the trustee, the bankruptcy court vacated its April 19, 1991 order when it closed the case,

---

1. The factual background and procedural history of this seven-year bankruptcy proceeding are amply set forth in the trustee's final report and accounting and motion for final decree, and the bankruptcy court's orders of February 9, 1993, and September 15, 1995, and the record on appeal. They will not be fully reiterated here.

ordering that "neither the Trustee nor any of his agents shall be under any obligation to furnish the Debtor records or other information beyond that contained in the Final Report and Account and the final estate income tax returns."

Speleos argues on appeal that, as a matter of law, she is entitled to "all records, documents, papers, or other material" created during the trustee's management of her estate. I disagree.

 A Chapter 11 trustee shall *"unless the court orders otherwise,* furnish such information concerning the estate and the estate's administration as is requested by a party in interest." 11 U.S.C. § 704(7) (emphasis added); 11 U.S.C. § 1106(a) (applying § 704(7) to Chapter 11 trustees). Speleos, as the debtor in bankruptcy, is a "party in interest," *see* 11 U.S.C. 1109(b), but the language of § 704(7) clearly gives the bankruptcy court discretion to impose restrictions on the information that must be furnished to her. *See In re Robert Landau Assoc.,* 50 B.R. 670, 677 (Bank.S.D.N.Y.1985) (court has authority to limit trustee's disclosures to interested parties); 4 Collier on Bankruptcy ¶ 704[10] (court may impose reasonable restrictions on requests for information). *See also In re Lee Way Holding Co.,* 120 B.R. 881 (Bank.S.D.Ohio 1990) (without court's authority to limit trustee's obligations under § 704(7), trustee could be required to disclose information protected by attorney-client privilege).

 In his final report, the trustee stated that he had provided Speleos with "periodic financial reports that already contain an amount of documentation the Trustee considers adequate." The Office of the United States Trustee reviewed and raised no objection to the trustee's financial reports. Given the protracted history of Speleos' antagonism toward the trustee and her disruptive behavior; the extensive documentation already provided · Speleos—documentation that includes the trustee's running cash journal and the property manager's monthly summaries of estate activity backed up by copies of bank statements, cancelled checks, invoices, and receipts; and Speleos' opportunity over four years to obtain additional material while the bankruptcy court's April 19, 1991 order was in effect: I find no abuse of the bankruptcy court's discretion in the final order limiting the trustee's disclosure obligations after the close of the case. *See In re Petit,* 1996 WL 277970 (Bank.D.R.I.) (debtor's demonstrated propensity to hinder and delay case justifies relieving trustee of obligation to disclose information pursuant to § 704(7)).

*2. The Order Requiring Leave of the Bankruptcy Court Before Filing Suit Against the Trustee*

The bankruptcy court's final order limiting Speleos' right to sue the trustee has its roots in an adversarial proceeding Speleos brought against the trustee in 1992, *Speleos v. McCarthy,* 92–10181. In a February 9, 1993 order, the bankruptcy court granted the trustee summary judgment and imposed Rule 9011 sanctions against Speleos and her co-plaintiff, Ulysses J. Montgomery. The bankruptcy court found that Speleos' complaint was "barred by collateral estoppel based on numerous orders giving McCarthy authority to take the actions complained of" and was "frivolous and fail[ed] to meet the standards of Rule 9011." The court further found that the bankruptcy case was "unnecessarily prolonged by the plaintiffs' frivolous objections to practically every step the trustee has taken," that "Speleos has a history of filing frivolous lawsuits and objections," and that Speleos' actions "imposed upon the strained resources of th[e] court." The court's memorandum concluded that, in addition to the imposition of a monetary sanction against plaintiff Montgomery, "a sufficient pattern of repeated frivolous conduct has been laid to warrant a limited injunction to protect the estate and its representatives against the prospect of further litigation and in the exercise of its discretion under Rule 9011 [the court] will impose an injunction." The injunction provided in relevant part:

> ORDERED, that as further sanctions under Bankruptcy Rule 9011, the Debtor, Ulysses J. Montgomery, and any person or entity in active concert or participation with them be, and hereby are ENJOINED, from filing in this or any other trial court, without first seeking and ob-

taining leave of this court, any filing seeking affirmative relief based on claims arising out of proceedings in or acts taken concerning Case No. 88–00579 pending in this court, against Kevin R. McCarthy or anyone who has represented McCarthy as trustee in Case No. 88–00579 or contracted to purchase property from him as trustee. It is further

ORDERED that the preceding paragraph of this order does not require prior approval for the filing of oppositions or objections to motions or applications or of notices of appeals or of further filings in the pending appeal of the Order approving the sale of the property at 5620 Colorado Avenue, N.W. or of motions for enlargement of time or to reconsider.

Two years later, in his final report, the trustee asked that this injunction be "continued in force" after the close of the case and that it be extended to protect the trustee's "other agents." Responding to this request, the bankruptcy court included in its September 15, 1995 final order the following:

> Ordered, that nothing herein shall be deemed to vacate or modify this Court's Order entitled Summary Judgment and Order Re Rule 9011 Sanctions entered on February 9, 1993 in *Speleos et al. vs. McCarthy et al.*, A.P. No. 92–01181 [sic], which is hereby confirmed and which, *inter alia*, enjoined "the Debtor, Ulysses J. Montgomery, and any person or entity in active concert or participation with them" from filing suit against the trustee or his counsel without first obtaining permission of this Court, except that the Debtor is also hereby enjoined from filing suit against any of the Trustee's other agents in this case without first obtaining permission of this Court....

Speleos argues on appeal that the bankruptcy court has neither the jurisdiction nor the power to impose the injunction, and that the injunction is over broad, vague and fails to comply with F.R.Civ.P. 65(d).

### a. Jurisdiction

■ Speleos' jurisdictional argument is without merit. Interpreting the scope of jurisdiction conferred on the bankruptcy courts under 28 U.S.C. § 1334(b) and 28 U.S.C.

§ 157(a), the Supreme Court has said that "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Celotex Corp. v. Edwards*, —— U.S. ——, ——, 115 S.Ct. 1493, 1499, 131 L.Ed.2d 403 (1995) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984)). Because the bankruptcy court's sanction in this case arose in a case under Title 11, 28 U.S.C. § 157(a), and its subject concerns "matters connected with the bankruptcy estate," *Celotex, supra*, the injunction was within bankruptcy court's jurisdiction.

■ Jurisdiction does not evaporate with the closing of a bankruptcy case, of course. Title 28 U.S.C. § 157(b) permits the bankruptcy court to issue final orders and judgments in "core" proceedings arising under title 11. *Compare* 28 U.S.C. § 157(c)(1) (district court, not bankruptcy court, must enter final orders and judgments in "non-core" proceedings). Both the adversarial proceeding in which the first injunction was issued and the order approving the trustee's final report and account were "core" proceedings. *See* 28 U.S.C. § 157(b)(2)(A) (core proceeding includes "matters concerning the administration of the bankrupt estate"); § 157(b)(2)(N) (core proceeding includes "orders approving the sale of property"). Where the bankruptcy court, as a unit of the district court, has statutory authority to enter a final order subject only to appellate review, *see* 28 U.S.C. §§ 157 and 158, the duration and effect of such an order is the same as if it had been made by a judge of the district court itself. Moreover, it is axiomatic that a final order or judgment binds the parties to a case beyond the close of proceedings.

### b. Power to sanction

■ A bankruptcy court may have jurisdiction and yet be without power to grant relief. *See American Hardwoods, Inc. v. Deutsche Credit Corp.*, 885 F.2d 621, 623 (9th Cir.1989). Whether the bankruptcy court had the power to issue the injunction challenged on this appeal is unclear.

Bankruptcy Rule 9011, which is analogous to F.R.Civ.P. 11, confers the power to sanction litigants who file frivolous claims or claims "interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case." Rule 9011 sanctions are usually monetary, but limited sanctions of a nonmonetary nature are permissible. *See Doering v. Union County Bd. of Chosen Freeholders,* 857 F.2d 191, 194 (3d Cir.1988). *See also* F.R.Civ.P. 11(c)(2) (authorizing "directives of a nonmonetary nature").

The bankruptcy court's order enjoins Speleos from filing suit in any court against the trustee or the trustee's agents concerning the administration of her bankruptcy without leave of the bankruptcy court. While it is established that district courts may enjoin vexatious litigants in this manner, *see In re Green,* 669 F.2d 779 (D.C.Cir.1981), their authority to do so derives, not from (the analogous) F.R.Civ.P. 11, but from an "obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re Martin–Trigona,* 737 F.2d 1254, 1261 (2d Cir.1984). If the power to enjoin vexatious litigants cannot be found in Rule 9011, it may have been granted as part of the bankruptcy court's statutory authority to "issue any order, process, or judgment necessary or appropriate to carry out the provisions of this title." 11 U.S.C. 105(a). And, one appellate court has found that bankruptcy courts have "inherent powers," as district courts do, "based on the need to control court proceedings and the necessity of protecting the exercise of judicial authority in connection with those proceedings." *Citizens Bank & Trust Co. v. Case,* 937 F.2d 1014, 1023 (5th Cir.1991). No tribunal has considered, however, whether the bankruptcy court has the power from any of these sources to enjoin a party's access to Article III courts, after the close of bankruptcy proceedings, as a sanction for improper conduct during bankruptcy litigation.

### 3. Abuse of Discretion

Assuming, without deciding, that an obligation to protect "the orderly and expeditious administration of justice," *Urban v. United Nations,* 768 F.2d 1497, 1500 (D.C. 1985), gave the bankruptcy court the necessary power to issue the injunction in question here, it is necessary to determine whether the injunction finds sufficient support in the record. The imposition of sanctions under Rule 9011 is reviewed for abuse of discretion. *In re Rainbow Magazine, Inc.,* 77 F.3d 278 (9th Cir.1996). *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

An order enjoining a vexatious litigant "is an extreme remedy and should be used only in exigent circumstances." *In re Powell,* 851 F.2d 427, 431 (D.C.Cir.1988) (quoting *In re Oliver,* 682 F.2d 443, 445 (3rd Cir.1982)). The "use of such a measure against a *pro se* plaintiff should be approached with particular caution." *Id.* (quoting *Pavilonis v. King,* 626 F.2d 1075, 1079 (1st Cir.), *cert. denied,* 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 34 (1980)). Because of the constitutional dimension of the interest at stake, a trial court must make substantive findings as to, *inter alia,* "the frivolous or harassing nature of the litigant's actions" and "any pattern constituting harassment." *Id.* Overall, the trial court should look to "both the number and content of the filings as indicia of frivolousness and harassment." *Id.*

Deference is owed to the bankruptcy court's findings that Speleos' complaint in the adversarial proceeding was both frivolous and harassing and that Speleos made numerous frivolous objections to the trustee's handling of her bankruptcy. These findings relate to matters that were directly before the bankruptcy judge.

The bankruptcy court's finding that "Speleos has a history of filing frivolous lawsuits," however, is not supported in the record. The only record reference to other lawsuits is a single District of Columbia Superior Court decision in a case in which Speleos was a defendant. *Cusimano v. Speleos,* C.A. No. 5716–82 (D.C.Sup.Ct. January 11, 1985). The judge in that case found that Speleos had "a history of wanton disregard . . . for the rules and protocol of the Court," and that she was "no stranger to the courthouse or

our procedures." In support of the latter conclusion, the court listed 21 suits brought by Speleos over three years in the District of Columbia courts, most of them *pro se.* However, the *Cusimano* decision did not indicate that these suits had been adjudicated frivolous or harassing.[2]

Speleos' conduct in the bankruptcy case suggests a litigious propensity worthy of concern, but litigiousness alone does not support the issuance of an injunction. *In re Powell,* 851 F.2d 427, 434 (D.C.Cir.1988) (reversing injunction where filings relied upon were not adjudicated frivolous). The present record falls well below the level of abuse found by other courts to have warranted limitations on the right of access to the courts. *See In re Powell, supra,* at 433–434. *Compare Urban, supra* (16 frivolous cases generating 28 appeals and 50 appellate motions); *Martin–Trigona, supra* (250 frivolous suits or appeals); *Green, supra* (600 to 700 frivolous filings).[3]

The order enjoining Speleos will accordingly be vacated. The standard remedies for abusive or frivolous litigation will be available to the trustee and the trustee's agents, should they be needed.

An appropriate order accompanies this memorandum.

### *ORDER*

For the reasons set forth in the accompanying memorandum, it is this 19th day of July, 1996, **ordered** that:

1. The orders of the bankruptcy court dated February 9, 1993, and September 15, 1995, to the extent they enjoin appellant from filing suit without leave of court, are **vacated.**

2. The final order of the bankruptcy court is in all other respects **affirmed.**

---

2. Speleos was the owner of some two dozen properties. It would not be surprising to find her pressing landlord-tenant claims in the local courts.

3. Because I find insufficient record evidence to support issuance of any injunction restricting Speleos' access to the courts, I need not consider her arguments concerning vagueness, overbreadth, and F.R.Civ.P. 65(d).