In re Cathy A. SINGLETON, Debtor.

Cathy A. Singleton, Plaintiff,

v.

Wells Fargo Bank, N.A., Defendant.

Bankruptcy No. 95–11298.
Adversary No. 00–1026.

United States Bankruptcy Court,
D. Rhode Island.

Nov. 13, 2001.

---

**272**

Christopher Lefebvre, Pawtucket, RI, for Plaintiff.

Edward Bertozzi, Patricia A. Sullivan, Edwards & Angell, Providence, RI, for Defendant.

### DECISION AND ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Before the Court is the Motion of the Defendant, Wells Fargo Bank, N.A. ("the Bank"), to Dismiss this Adversary Proceeding. The Bank moves for dismissal of Counts I and III, which allege violations of the discharge injunction, 11 U.S.C. § 524, on the ground that no private right of action exists for such conduct, and that Count II alleging a § 362 violation is defective in that the Plaintiff fails to plead the *prima facie* elements of a stay violation. The parties also disagree as to the appropriate choice of law, given the geographical history of this case.

Upon consideration, and for the reasons discussed below, I rule as follows: (1) Count I is dismissed, but for reasons other than those argued by the Bank; (2) the Defendant's Motion to Dismiss Count II is GRANTED, with leave to amend; (3) the Motion to Dismiss Count III is DENIED; (4) Defendant's alternative Motion to Stay the proceeding is DENIED;(5) a ruling on class certification is deferred until discovery is complete.

### THE TRAVEL

In May 1995, Cathy A. Singleton filed a voluntary petition under Chapter 7 of the Bankruptcy Code, and listed Wells Fargo Bank, N.A. as a VISA credit card creditor. Shortly thereafter, at the Bank's request, Singleton signed a "Reaffirmation Agreement" but the agreement was never executed or filed by Wells Fargo, as required. *See Vazquez v. Sears Roebuck & Co. (In re Vazquez)*, 221 B.R. 222, 227 (Bankr.N.D.Ill.1998)(alleged reaffirmation agreement neither filed nor approved by the court is void and unenforceable.) In September 1995, Singleton received a Chapter 7 discharge, and thereafter she made post-discharge payments totaling $797.

In September 1999, in the United States District Court for the Northern District of California, Singleton filed a Class Action Complaint for injunctive, declaratory and other equitable relief, and for monetary damages. In response, the Bank filed a motion to transfer the action to this Court on the ground that Singleton is a resident of Pawtucket, Rhode Island, and that her bankruptcy case was administered in the Rhode Island Bankruptcy Court. 28 U.S.C. § 1404(a). Chief District Judge Marilyn Hall Patel transferred the Adversary Proceeding to Rhode Island, and the District Court for the District of Rhode Island referred the matter to this Court. The Bank filed the instant motion to dismiss the complaint and to strike the class certification allegations, or in the alternative to stay the proceeding. Docket # 23.

### STANDARD OF REVIEW FOR A MOTION TO DISMISS

The Motion to Dismiss is brought pursuant to Fed.R.Civ.P. 12, which is made applicable in bankruptcy adversary proceed-

ings by Fed. R. Bankr.P. 7012. In ruling on such motions, the Court will "accept well-pleaded facts as true and draw all reasonable inferences from those facts in favor of the plaintiff." *Figueroa v. Rivera,* 147 F.3d 77, 80 (1st Cir.1998), and for the Defendant to prevail, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## DISCUSSION

*CHOICE OF LAW*

■ While "[f]ederal law is presumed to be uniform," the application of that generality still leaves room for argument. *E.E.O.C. v. Northwest Airlines, Inc.,* 188 F.3d 695, 700 (6th Cir.1999). For example, the Plaintiff contends that when a case concerning a federal question (28 U.S.C. § 1331) is transferred from a foreign circuit, the law of the circuit to which the case is transferred governs. *Id.* ("the prevailing view for federal questions is that 'the venue of appeal determines choice of law on federal issues.'") (citations omitted). The Defendant, however, argues that "this case is governed by the law in California, where Singleton chose to bring this action," and bases its argument on two Supreme Court cases: (1) *Eckstein v. Balcor Film Investors,* 8 F.3d 1121 (7th Cir. 1993), *cert. denied,* 510 U.S. 1073, 114 S.Ct. 883, 127 L.Ed.2d 78 (1994); and (2) *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). Wells Fargo 5/14/2001 Brief, at 6. *Eckstein* acknowledges that "a transferee court normally should use its own best judgment about the meaning of a federal law when evaluating a federal claim, but [the Securities Exchange Act] instructs us to act differently," *Eckstein* at 1126, and the Court in *Van Dusen* said:

"This Court has often formulated the *Erie* doctrine by stating that it establishes 'the principle of uniformity within a state,' and declaring that federal courts in diversity of citizenship cases are to apply the laws 'of the states in which they sit.' A superficial reading of these formulations might suggest that a transferee federal court should apply the law of the State in which it sits rather than the law of the transferor State."

*Van Dusen* at 637–38, 84 S.Ct. 805 (citations omitted). In my view these cases are narrow exceptions to the general rule, i.e., *Eckstein* deals with questions regarding statutes of limitations for fraud claims arising under § 10(b) of the Securities Exchange Act of 1934, *see Eckstein* at 1126, and *Van Dusen* applies only in diversity jurisdiction cases. *See Van Dusen* at 637–638, 84 S.Ct. 805.

The instant litigation involves neither securities fraud nor diversity jurisdiction, but is a bankruptcy matter arising through general federal bankruptcy jurisdiction. *See Lindsay v. Beneficial Reinsurance Co. (In re Lindsay),* 59 F.3d 942, 948 (9th Cir.1995) ("In federal question cases with exclusive jurisdiction in federal court, such as bankruptcy, the court should apply federal, not forum state, choice of law rules.") Therefore, in deciding whether to apply First Circuit or Ninth Circuit law, I will follow the rule that: "A transferee district court is bound, ultimately, to follow only the law of its own circuit court and the Supreme Court, and that law must be presumed to be as 'correct' a statement of federal law as that of the transferor circuit." *In re Litigation Involving Alleged Loss of Cargo from Tug Atlantic Seahorse, etc.,* 772 F.Supp. 707, 711 (D.P.R.1991). *Accord, Murphy v. F.D.I.C.,* 208 F.3d 959, 966 (11th Cir.2000); *Campos v. Ticketmaster Corp.,* 140 F.3d 1166, 1171 n. 4 (8th Cir.1998), *cert. denied,* 525 U.S. 1102, 119

S.Ct. 865, 142 L.Ed.2d 768 (1999); *Temporomandibular Joint (TMJ) Implant Recipients v. E.I. DuPont De Nemours & Co.,* 97 F.3d 1050, 1055 (8th Cir. 1996); *Newton v. Thomason,* 22 F.3d 1455, 1460 (9th Cir.1994); *Menowitz v. Brown,* 991 F.2d 36, 40–41 (2nd Cir.1993); *In re Korean Air Lines Disaster of September 1, 1983,* 829 F.2d 1171, 1174 (D.C.Cir.1987), *aff'd* 490 U.S. 122, 109 S.Ct. 1676, 104 L.Ed.2d 113 (1989).

*COUNT I—11 U.S.C. § 524(c)*

▰ Count I of the Amended Complaint is dismissed insofar as it pertains to 28 U.S.C. § 524(c). To state a claim for which relief can be granted, the complaint at a minimum must allege a right or the existence of a duty that the Court can enforce. *See In re McDonald,* 265 B.R. 3, 6 (Bankr.D.Mass.2001). Section 524(c) neither confers a right upon the debtor nor imposes a duty upon the creditor; "[o]n the contrary, § 524(c) sets forth nothing more than a list of conditions precedent to the enforcement of a purported reaffirmation agreement the consideration for which is based at least in part on a pre-petition debt." *Id.* at 6. Therefore, "[t]he only result of non-compliance with the conditions set forth in § 524(c) this Court sees is that the parties are left with an unenforceable reaffirmation agreement." *Id.* at 6, n. 2. Absent any authority under § 524(c) to impose a duty or enforce a right, Count I of the Amended Complaint fails to state a claim for which relief can be granted.[1]

*COUNT II*

▰ A bankruptcy filing operates as a stay of "any act to collect, assess, or recover a claim against the debtor that arose

before the commencement of the case under this title." 11 U.S.C. § 362(a)(6). This Court has previously held, also in a reaffirmation context, "that mere requests for payment are not barred by § 362(a)(6), *absent coercion or harassment* by a creditor." *In re Jefferson,* 144 B.R. 620, 623 (Bankr.D.R.I.1992) (emphasis in original). *See, e.g., Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417, 424 (6th Cir.2000); *In re Duke,* 79 F.3d 43, 44–45 (7th Cir.1996); *Brown v. Pennsylvania State Employees Credit Union,* 851 F.2d 81, 86 (3rd Cir. 1988); *Morgan Guar. Trust Co. v. American Sav. & Loan Ass'n,* 804 F.2d 1487, 1491 (9th Cir.1986), *cert denied,* 482 U.S. 929, 107 S.Ct. 3214, 96 L.Ed.2d 701 (1987); *Bessette v. AVCO* Fin. Servs., Inc., 240 B.R. 147, 157–158 (D.R.I.1999), *aff'd in part, vacated in part,* 230 F.3d 439 (1st Cir.2000); *Messier v. Filene's (In re Messier),* 144 B.R. 617, 619 (Bankr.D.R.I. 1992). Similarly, to avoid dismissal here, the Plaintiff must allege coercion or harassment by the Defendant during the reaffirmation or debt collection process.

In Count II of her Amended Complaint the Plaintiff alleges that Wells Fargo willfully violated § 362(a) by attempting to collect a pre-petition debt, without filing the reaffirmation agreement with the Bankruptcy Court. As we said in *Jefferson* in 1992, "there is nothing intrinsically wrong with the initiation by creditors of the reaffirmation process in bankruptcy, provided it is done reasonably and without harassment or coercion." *Jefferson* at 624. *See also In re Jamo,* 262 B.R. 159, 164 (1st Cir. BAP 2001). In the absence of a claim of coercion or harassment, the motion to dismiss Count II is GRANTED. If in good faith she is able to plead the neces-

---

1. Although § 524(c) does not grant the authority to impose a duty or enforce a right, this does not preclude a claim that the creditor's post-petition collection of a pre-petition

debt, under the guise of an unenforceable reaffirmation agreement, *may* violate some other provision of the Bankruptcy Code.

sary allegations and buzz words, the Plaintiff is allowed 20 days within which to amend Count II to include the required buzz words.

*COUNT III—11 U.S.C. § 524(a)(2)*

[redacted] Count III does state a cause of action upon which relief can be granted. See Fed. R. Bankr.P. 7012. At long last, based on recent First Circuit precedent, it is now clear that 11 U.S.C. § 105(a) authorizes the Bankruptcy Court to utilize its equitable powers to enforce the § 524(a) discharge injunction, and sufficient facts have been alleged here to support such a claim. In this ruling, *Bessette v. Avco Fin. Servs., Inc.,* 230 F.3d 439 (1st Cir.2000), is instructive, and while Singleton's Memorandum is filled with rhetorical overkill, I adopt and incorporate the legal points presented—without the fluff. *See* Memorandum in Opposition to Defendant's Motion to Dismiss, Section II–C, Docket # 25.

Because it has been raised as an issue, I reiterate that a private right of action is not a prerequisite to the enforcement of a § 524(a)(2) violation in this District, *Bessette,* 230 F.3d at 444–45; *McDonald* at 8–9; *see also, In re Reyes,* 238 B.R. 507, 508 (Bankr.D.R.I.1999)(no implied right of action under § 524(a)), but even without a private right of action, "the bankruptcy court is authorized to invoke § 105 to enforce the discharge injunction imposed by § 524." *Bessette,* 230 F.3d at 445. *See also McDonald* at 9.

[redacted] The elements required to establish a *prima facie* violation of the discharge order are: (1) that the creditor knew a discharge order was in place; and (2) that the creditor intended the acts and conduct that constitute a violation of the discharge order. *Hardy v. Internal Revenue Service (In re Hardy),* 97 F.3d 1384, 1390 (11th Cir.1996)(*quoting Jove Engineering, Inc. v. Internal Revenue Service,* 92 F.3d 1539, 1555 (11th Cir.1996)); *McDonald* at 9; *In re Cherry,* 247 B.R. 176, 187 (Bankr. E.D.Va.2000). And more than fifty years ago the Supreme Court held that since the purpose of a civil contempt sanction is "to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance ... it matters not with what intent the defendant did the prohibited act." *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191, 69 S.Ct. 497, 93 L.Ed. 599 (1949).

[redacted] Applying either the *Hardy* or the *McComb* standard, Count III of the Plaintiff's Amended Complaint states a claim upon which relief can be granted. The Plaintiff filed for Chapter 7 bankruptcy, listed the Defendant as a creditor, and received a discharge. Thereafter, the Defendant, without an enforceable reaffirmation agreement, continued to collect prepetition debt after entry of Singleton's discharge. Because these allegations constitute the essentials of a violation of the § 524(a)(2) discharge injunction, the motion to dismiss Count III is DENIED.

*ADVERSARY PROCEEDING OR CONTESTED MATTER*

[redacted] The Defendant argues that a violation of the § 524(a)(2) discharge injunction limits the Debtor to a contempt motion under Fed. R. Bankr.P. 9020, and that there is no authority to bring an adversary proceeding. Holding that contempt is not the debtor's only remedy in such instances, the First Circuit in *Bessette* stated: "Appellant seeks enforcement of the statutory injunction set forth in § 524, not one individually crafted by the bankruptcy judge, in which that judge's insights and thought processes may be of particular significance. Thus, few of the practical reasons for confining contempt proceedings to the issuing tribunal apply here." *Bessette,* 230 F.3d at 446. The Court also stated that:

"a bankruptcy court is authorized to invoke § 105 to enforce the discharge injunction imposed by § 524 and order damages for the appellant in this case if the merits so require. Consistent with this determination, bankruptcy courts across the country have appropriately used their statutory contempt power to order monetary relief, in the form of actual damages, attorney fees, and punitive damages, when creditors have engaged in conduct that violates § 524."

*Id.* at 445.

Guided by *Bessette,* I conclude that this adversary proceeding, which is within the scope of Fed. R. Bankr.P. 7001(1),[2] is an appropriate vehicle within which to proceed. I also agree with Judge Rosenthal's reasoning on this subject as he explained in *In re McDonald:*

> The Court is comfortable that the broad language of Rule 7001(1) of the Federal Rules of Bankruptcy Procedure permits the Debtors to bring the litigation to recover money from the Defendants as an adversary proceeding. Fed. R. Bankr.P. 7001(1). Even if the Court errs on this point, the Court would also be within its discretion to order that all of Part VII of the Federal Bankruptcy Rules will apply in this matter. Fed. R. Bankr.P. 9014. As such, the Court directs that the matter will continue as an adversary proceeding with all the attendant Rules of Part VII of the Bankruptcy Rules made applicable.

*McDonald* at 10.

## CONTINUING JURISDICTION OVER CLOSED BANKRUPTCY CASES

■ The Debtor is pursuing this cause of action without first re-opening her

bankruptcy case, and Wells Fargo argues that the Court lacks jurisdiction while the case is closed. Most courts, and now this one, hold that "the closing of a bankruptcy case does not affect the court's jurisdiction to determine matters relevant to the case." *In re Aiello,* 231 B.R. 693, 706 (Bankr. N.D.Ill.1999), *aff'd* 257 B.R. 245 (N.D.Ill. 2000), *aff'd* 239 F.3d 876 (7th Cir.2001)(*citing In re Taylor,* 216 B.R. 515 (Bankr. E.D.Pa.1998)). *Accord, In re Collins,* 173 F.3d 924, 929 (4th Cir.1999), *cert. denied,* 528 U.S. 1073, 120 S.Ct. 785, 145 L.Ed.2d 663 (2000); *Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775, 782 (1st Cir. 1988), *cert. denied,* 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989)("In support of this 'injunction,' the district court necessarily had the power to enforce the order, at any point while the order was in effect, including periods after judgment."); *In re Glannon,* 245 B.R. 882, 887 (D.Kan.2000); *Speleos v. McCarthy,* 201 B.R. 325, 329 (D.D.C.1996); *In re Leach,* 194 B.R. 812, 815 (E.D.Mich.1996); *In re Williams,* 256 B.R. 885, 892 (8th Cir. BAP 2001); *In re Booth,* 242 B.R. 912, 916 (6th Cir. BAP 2000); *In re Menk,* 241 B.R. 896, 911 (9th Cir. BAP 1999); *Koehler v. Grant,* 213 B.R. 567, 569–70 (8th Cir. BAP 1997); *In re Germaine,* 152 B.R. 619, 624 (9th Cir. BAP 1993); *In re Suplinskas,* 252 B.R. 293, 295 (Bankr.D.Conn.2000); *In re Cortez,* 255 B.R. 324, 328 (Bankr.D.Or.2000); *In re Commercial Financial Services, Inc.,* 247 B.R. 828, 844 (Bankr.N.D.Okla. 2000).

Legislative comment also supports the view that bankruptcy courts retain juris-

---

**2.** Fed. R. Bankr.P. 7001. Scope of Rules of Part VII.

An adversary proceeding is governed by the rules of this Part VII. *The following are adversary proceedings:*

(1) *a proceeding* to recover money or property, *other than* a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 544(b) or § 725 of the Code, Rule 2017, or Rule 6002; . . .

diction over closed cases to adjudicate relevant matters arising under Title 11. The House Judiciary Committee, recommending passage of H.R. 8200[3] as amended, said:

> Very often, issues will arise after the case is closed, such as over the validity of a purported reaffirmation agreement, proposed 11 U.S.C. [§ ] 524(b), the existence of prohibited post-bankruptcy discrimination, proposed section 525, the validity of securities issued under a reorganization plan, and so on. The bankruptcy court will be able to hear these proceedings because they arise under title 11.

H. Rep. No. 95–595, at 445 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963. With such extensive and uniform authority in support of the proposition, I also conclude that "[t]he Bankruptcy Code contemplates that various activities may occur after closing" and that the Court retains jurisdiction to adjudicate matters arising under title 11, even after the case is closed (and presumably, while the case remains closed). *Menk* at 911.

## CLASS ACTIONS

■ Bankruptcy courts have the power to adjudicate class action suits. See Fed. R. Bankr.P. 7023 ("Rule 23 F.R. Civ. P. applies in adversary proceedings."), and since it has already been determined that this litigation is an adversary proceeding, the statutory authority to entertain the class action suit is clear. The First Circuit has also ruled that a bankruptcy court has the authority to hear class action lawsuits, and that "the bankruptcy court ha[s] the power to utilize § 105 in enforcing § 524, it is also empowered to maintain class actions and may be able to provide much the same kind of relief, in appropriate

situations, as the district court itself." *Bessette,* 230 F.3d at 446.

### CONCLUSION

For the foregoing reasons: (1) Count I is DISMISSED, with prejudice; (2) the Motion to Dismiss Count II is GRANTED, and the Plaintiff is allowed twenty (20) days to amend; (3) the Motion to Dismiss Count III of the Complaint is DENIED; (4) the Defendant's alternative Motion to Stay this proceeding is DENIED; and (5) a ruling on class certification is deferred until further order.

The parties have indicated that they need discovery regarding the Debtor's motion for class certification, and to facilitate discovery they are ordered to file within ten (10) days, a discovery plan pursuant to Fed.R.Civ.P. 26(f), made applicable in bankruptcy proceedings under Fed. R. Bankr.P. 7026.

---

**3.** H.R. 8200 was the U.S. House of Representatives bill that, amended, passed both chambers of Congress and became P.L. 95–598, the Bankruptcy Reform Act of 1978.