In re Cathy A. SINGLETON, debtor.

Cathy A. Singleton, plaintiff/appellee

v.

Wells Fargo Bank, N.A.,
defendant/appellant

No. 02–CV–137.

United States District Court,
D. Rhode Island.

July 3, 2002.

Edward J. Bertozzi, Jr., Patricia A. Sullivan, Edwards & Angell, Peter N. Wasylyk, Providence, RI, Robert J. Stumpf, Jr., Shepherd, Mullin, Richter & Hampton, Thomas O. Jacob, San Francisco, CA, for Wells Fargo Bank, NA, appellant.

Christopher M. Lefebvre, Law Offices of Claude Lefebvre & Sons, Pawtucket, RI, Peter N. Wasylyk, Providence, RI, Jordan Matthew Lewis, Siegel, Brill, Greupner, Duffy & Foster P.A., Milwaukee, WI, for Cathy A. Singleton, appellee.

*MEMORANDUM AND DECISION*

LISI, District Judge.

This matter is before the Court on appeal from an Order of February 26, 2002, clarifying a Decision and Order of November 13, 2001, issued by the United States Bankruptcy Court for the District of Rhode Island. Appellant Wells Fargo Bank, N.A., presents one issue for consideration: whether the bankruptcy court erred in finding that it has jurisdiction to order discovery in connection with Appellee Cathy Singleton's motion to certify a nationwide class action. For the reasons stated herein, this Court vacates the order of the bankruptcy court and remands for further proceedings consistent with this opinion.

### I. Standard of Review

Section 158(a)(3) of title 28 permits permissive appeals of interlocutory matters. 28 U.S.C. § 158(a)(3). The standard governing these appeals is analogous to the procedure for certification of interlocutory appeals pursuant to 28 U.S.C. § 1292(b). A party pursuing § 1292(b) relief must show that the order: (1) involves a controlling question of law, (2) to which there is substantial ground for difference of opinion, and (3) that an immediate appeal from that order may materially advance the ultimate termination of the litigation. In its

oral order issued on May 13, 2002, this Court determined that this standard had been satisfied.

■ In reviewing appeals from bankruptcy court decisions, this Court employs the "standards of review normally employed in direct appeals to the courts of appeals in civil cases generally." *In re LaRoche*, 969 F.2d 1299, 1301 (1st Cir. 1992); *see also* 28 U.S.C. § 158(c)(2). This Court accepts all bankruptcy findings of fact unless they are "clearly erroneous" but reviews rulings of law *de novo*. *In re LaRoche*, 969 F.2d at 1301; *accord United Food & Commercial Workers Union v. Almac's*, 90 F.3d 1, 3 (1st Cir.1996); *see also* Fed. R. Bankr.P. 8013.

### II. Facts and Travel of the Case

On May 26, 1995, Appellee Cathy Singleton (Singleton) filed for bankruptcy, listing Appellant Wells Fargo Bank, N.A. (Wells Fargo), as a creditor. Singleton had signed a reaffirmation agreement with Wells Fargo, but the agreement had not been properly executed or filed with the bankruptcy court. Per the requirements of the Bankruptcy Code (11 U.S.C. § 524), the agreement was therefore void and unenforceable. *Singleton v. Wells Fargo Bank, N.A.*, 269 B.R. 270, 272 (Bankr. D.R.I.2001). Singleton received a Chapter 7 discharge on September 7, 1995. Thereafter, Wells Fargo continued to collect prepetition debt from Singleton. *Id.* at 274.

In September 1999, Singleton filed a Class Action Complaint in the United States District Court for the Northern District of California seeking injunctive and declaratory relief, and monetary damages for Wells Fargo's alleged violation of 11 U.S.C. § 524. Wells Fargo filed a motion to transfer the case to the United States Bankruptcy Court for the District

of Rhode Island on the grounds that Singleton was a Rhode Island resident and her bankruptcy was administered in the Rhode Island Bankruptcy Court. The case was then transferred to the United States District Court for the District of Rhode Island, which referred the matter to the United States Bankruptcy Court for the District of Rhode Island. Wells Fargo filed a motion to dismiss the complaint and strike the class action allegations.

On November 13, 2001, the United States Bankruptcy Court for the District of Rhode Island dismissed two counts and held that Singleton's claim against Wells Fargo was limited to contempt for violation of her discharge injunction. *Singleton*, 269 B.R. at 274–75. Singleton sought to certify a nationwide class of "all persons who filed bankruptcy and signed one or more reaffirmation agreements with [Wells Fargo] that did not fully comply with the Bankruptcy Code § 524." Am. Compl. ¶ 17. On February 26, 2002, the bankruptcy judge issued an order clarifying his November 13, 2001 decision. The bankruptcy court found that it had subject matter jurisdiction over discharge injunctions issued by other bankruptcy courts. In its opinion, the court rejected Wells Fargo's argument that class certification is an inappropriate procedural device for remediation of discharge violations. The bankruptcy court then ordered nationwide class discovery to proceed.

Wells Fargo filed an interlocutory appeal with the District Court, along with a request to stay the proceedings. The motion for leave to appeal to decide the jurisdictional issue of nationwide class certification was granted by this Court on May 13, 2002, and all discovery pertaining to nationwide class discovery was stayed until further order of this Court.

## III. Discussion

A discharge in bankruptcy generally relieves a debtor from all debt accumulated before the commencement of bankruptcy proceedings. *Bessette v. Avco Fin. Servs., Inc.*, 230 F.3d 439, 444 (1st Cir.2000) (citations omitted). The Bankruptcy Code prohibits creditors from collecting debts that are discharged in bankruptcy. *Id.* However, a debtor may voluntarily choose to enter into a reaffirmation agreement with a creditor to repay debt owed to the creditor. *See* 11 U.S.C. § 524(c). Reaffirmation agreements are primarily utilized when a debtor seeks to avoid repossession of property by a secured creditor, since a discharge in bankruptcy will not extinguish a creditor's security interest. *Aiello v. Providian Fin. Corp.*, 239 F.3d 876, 878–79 (7th Cir.2001) (citing *Dewsnup v. Timm*, 502 U.S. 410, 417–19, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992)). A reaffirmation agreement that does not conform to the strict requirements of § 524 constitutes a violation of the discharge injunction. *Bessette*, 230 F.3d at 444.

A violation of a discharge injunction issued under § 524 is remedied by contempt proceedings pursuant to 11 U.S.C. § 105.[1] *Id.* at 445. Statutory contempt proceedings may be heard by the bankruptcy court that issued the original discharge order as well as the district court sitting in bankruptcy. *Id.* at 446 (noting that "a district court sitting in bankruptcy is similarly authorized to invoke its equitable powers under § 105 when necessary to carry out the provisions of the Bankruptcy Code").

Federal district courts have "original but not exclusive jurisdiction of all civil

---

**1.** Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The district court determines whether it will hear the case or refer the proceedings to the bankruptcy judge. 28 U.S.C. § 157(d). In the case at hand, Singleton's bankruptcy was administered by the United States Bankruptcy Court for the District of Rhode Island. Section 1334(b) provides this Court with jurisdiction over Singleton's claim. At issue today is whether this Court's jurisdiction extends to hearing contempt proceedings to remedy alleged violations of discharge injunctions issued by other districts.

■■■■ Civil contempt is defined as "the failure to obey a court order that was issued for another party's benefit." *Black's Law Dictionary* 313 (7th ed.1999). Sanctions for violations of an injunction are generally administered by the court that issued the injunction. *Baker v. Gen. Motors Corp.*, 522 U.S. 222, 236, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998) (citation omitted); *In re Debs,* 158 U.S. 564, 594–95, 15 S.Ct. 900, 39 L.Ed. 1092 (1895); *In re Y & A Group Sec. Litig.,* 38 F.3d 380, 383 (8th Cir.1994) (citing *Klett v. Pim,* 965 F.2d 587, 590–91 (8th Cir.1992) (holding that federal courts are precluded from "imposing a sanction for contempt of another court's injunction")); *Gray v. Petoseed Co., Inc.,* 985 F.Supp. 625, 628 (D.S.C.1996) (holding that a contempt action must be brought before the court that issued the order which was violated).

■■■ This same principle applies to jurisdiction over contempt claims for violations of bankruptcy discharge under 11 U.S.C. § 524. Recently, Judge Lagueux held that both the bankruptcy court and this Court lack subject matter jurisdiction over discharge injunctions issued by bankruptcy courts in other districts. *Bessette v. Avco Fin. Servs., Inc.,* 279 B.R. 442, 449 (D.R.I.

2002); *see also Bessette v. Avco Fin. Servs., Inc.,* 230 F.3d 439, 445–46 (1st Cir. 2000) (citing *Williams v. Sears, Roebuck & Co.,* 244 B.R. 858, 867–68 (S.D.Ga.2000) (noting that district court will retain jurisdiction over contempt claim so long as discharge injunction was issued within the same district court)); *Pereira v. First N. Am. Nat'l Bank,* 223 B.R. 28, 31 (N.D.Ga. 1998) (noting that a contempt action for violation of § 524 may only be heard by the court that issued the discharge injunction); *Williams,* 244 B.R. at 867 (holding that no jurisdiction exists to enforce § 524 through § 105 unless debtor received discharge through same court); *Nelson v. Providian Nat'l Bank (In re Nelson),* 234 B.R. 528, 534 (Bankr.M.D.Fla.1999) (holding that "the bankruptcy court has no jurisdiction to entertain a private cause of action for damages by debtors who obtained their discharge in a court other than this one"). This Court finds Judge Lagueux's reasoning to be persuasive. Subject matter jurisdiction in this case is determined by the foregoing legal principle that only persons subject to a court's authority may be found in contempt by that court. *Bessette,* 279 B.R. at 449.

## IV. Conclusion

Based on the foregoing explanation of the bankruptcy court's limited subject matter jurisdiction, the bankruptcy court's order to proceed with nationwide class discovery must be and is hereby vacated. This Court remands the case to the bankruptcy court for further proceedings consistent with this opinion.

SO ORDERED.